IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 21–cv–01736–MDB

JOSE LOVIANO FRANCO,

    Plaintiff,

v.

DAVID MCLEISH,

    Defendant.

---

# ORDER

---

This matter is before the Court on "Plaintiff's Motion for Certification of Questions of Law to the Colorado Supreme Court." (["Motion"], Doc. No. 59.) Defendant has responded in opposition to the Motion. (["Response"], Doc. No. 61.) No further briefing has been filed, and the time to do so has lapsed. For the following reasons, the Motion is **DENIED**.

This case arises out of a 2019 motor vehicle collision between an eighteen-wheeler truck driven by Plaintiff and a pickup truck driven by Defendant. (Doc. No. 3 at ¶¶ 6-24.) Plaintiff—who was not at fault—suffered various losses and damages from the collision, for which he later obtained workers' compensation benefits through his employer. (*Id.* at ¶¶ 33-37; Doc. No. 32 at 2; Doc. No. 43 at 2.) In exchange for receiving workers' compensation benefits, on July 14, 2021, Plaintiff assigned and subrogated his claims arising from the collision to his employer's

workers' compensation carrier, Indemnity Insurance Company of America ["Indemnity"]. (Doc. No. 32 at 2; Doc. No. 43 at 2.)

Meanwhile, two years after the collision, on June 1, 2021, Plaintiff commenced this personal injury lawsuit against Defendant, in Colorado state court, asserting claims for negligence and negligence per se. (Doc. No. 3 at ¶¶ 51-63.) Following the case's removal to federal court, on September 9, 2021, Indemnity filed a complaint in intervention against Defendant, and on December 30, 2021, Indemnity and Defendant reached a settlement as to Indemnity's subrogated claim. (Doc. No. 17; *see* Doc. No. 29.)

Four months later, on April 29, 2022, Defendant filed a motion for partial summary judgment on Plaintiff's claim for damages. (Doc. No. 32.) Defendant argues, specifically, that pursuant to certain mandatory provisions of the Colorado Workers Compensation Act ["WCA"], Colo. Rev. Stat. §§ 8-41-101 *et seq.*, the "bulk of Plaintiff's claimed damages were extinguished by virtue of Defendant's settlement [w]ith Indemnity." (*Id.* at 4.) On June 17, 2022, Plaintiff filed a response to Defendant's summary judgment motion, arguing that, under the WCA, "Indemnity's subrogation rights are limited to what they [already] paid," and therefore, Plaintiff's claims for future medical damages, future lost wages, permanent impairment, and disability damages remain viable, notwithstanding Plaintiff's settlement with Indemnity. (Doc. No. 43 at 13.)

While Defendant's summary judgment motion was still pending, on September 12, 2022, Plaintiff filed the present Motion, asking this Court to certify "novel and unsettled question[s] of law" to the Colorado Supreme Court, which are "the subject" of the parties' summary judgment briefing, and which concern "the interplay between five [WCA provisions] and the rules

2

governing the State of Colorado Department of Labor and Employment Division of Workers' Compensation." (Doc. No. 59 at 1, 3.) Plaintiff argues that the questions that he seeks to certify "will be determinative of the viability" of his claims against Defendant in this case. (*Id.* at 1.)

Colorado Rule of Appellate Procedure 21.1 authorizes the Colorado Supreme Court to answer a question of state law certified to it by a federal court if the question "may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court that there is no controlling precedent in the decisions of the supreme court." Colo. App. R. 21.1(a). The decision to certify is left to the federal court's discretion. *Anderson Living Tr. v. Energen Res. Corp.*, 886 F.3d 826, 839 (10th Cir. 2018). Certification of questions saves judicial resources and builds a "cooperative judicial federalism." *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974). However, certification "is not to be routinely invoked whenever a federal court is presented with an unsettled question of state law." *Armijo v. Ex Cam, Inc.*, 843 F.2d 406, 407 (10th Cir. 1988). Federal courts have a duty to decide difficult or unsettled questions of state law and must do so if there is "a reasonably clear and principled course." *Anderson Living Trust*, 886 F.3d at 839 (quoting *Pino v. United States*, 507 F.3d 1233, 1236 (10th Cir. 2007)). As such, federal courts must "apply judgment and restraint before certifying[.]" *Pino*, 507 F.3d at 1236 ("[W]e will not trouble our sister state courts every time an arguably unsettled question of state law comes across our desks.").

Here, Plaintiff moves to certify four specific questions to the Colorado Supreme Court:

(1) Does a settlement between a workers' compensation carrier and tortfeasor Defendant extinguish a Plaintiff's claims against the tortfeasor for medical expenses unpaid by the workers' compensation carrier and/or incurred after Plaintiff settled with the workers' compensation carrier.

3

    (2) Does a settlement between a workers' compensation carrier and tortfeasor Defendant extinguish a Plaintiff's claims against a Defendant tortfeasor for disfigurement and physical impairment.

    (3) Does a settlement between a workers' compensation carrier and tortfeasor Defendant extinguish Plaintiff's total claim for lost wages.

    (4) Is it against public policy for a settlement between a workers' compensation carrier and Defendant to extinguish claims listed in [questions 1-3].

(Doc. No. 59 at 4.) Plaintiff asserts that each of these four questions concerns "a novel and as yet undecided area of law regarding the interplay between Colorado's Worker's Compensation Act (C.R.S. 8-41-203(1)(f); C.R.S. 8-42-105; C.R.S. 8-42-108; C.R.S. 8-42-107.5 and C.R.S. 8-42-105), [and] the maximum temporary benefit schedule of the State of Colorado Department of Labor and Employment Division of Workers' Compensation[.]" (*Id.* at 1, 3.)

In response, Defendant argues that the Colorado Supreme Court "clearly answered" Plaintiff's proposed questions in two recent decisions—*Delta Airlines, Inc. v. Scholle*, 484 P.3d 695 (Colo. 2021), and *Gill v. Waltz*, 484 P.3d 691 (Colo. 2021)—and, therefore, the proposed questions are not "new, novel, or [] unique." (Doc. No. 61 at 1-3.) In addition, Defendant argues that Plaintiff's proposed questions are not "determinative" of this case, because as both parties acknowledge, "Defendant's settlement with Indemnity does not extinguish Plaintiff's right to claim non-economic damages from Defendant at trial." (*Id.* at 2-3.)

The Court, in its discretion, declines to certify any of Plaintiff's proposed questions to the Colorado Supreme Court. First, Defendant's motion for summary judgment is directed only at the viability of Plaintiff's claim for economic damages, as are Plaintiff's proposed questions for certification. (*See* Doc. No. 32 ("The only damages Plaintiff may seek at trial are for non-economic damages and wage losses not covered by Indemnity or included in the July 21, 2021

settlement.").) Plaintiff's claim for non-economic damages remains undisputedly viable, and thus, the proposed questions for certification are not "determinative" of this case. *See Cordova-Gonzalez v. Tw Lath-N-Stucco, Inc.*, No. 21-cv-01617-CMA-KMT, 2021 WL 5086065, at *2 (D. Colo. Nov. 2, 2021) (denying a motion to certify, where the proposed questions for certification were only directed at some of the plaintiff's claims). Further, the Court agrees with Defendant that the Colorado Supreme Court's analysis in *Scholle* and *Gill* is sufficiently clear and instructive, so as to provide "a reasonably clear and principled course" for the resolution of the issues raised by the parties in this case. *Anderson Living Trust*, 886 F.3d at 839; *see Ace Am. Ins. Co. v. Dish Network, LLC*, No. 13-cv-00560-REB-MEH, 2014 WL 811993, at *2 (D. Colo. Mar. 3, 2014) (declining to certify questions to the Colorado Supreme Court, where there was "a well-developed body of Colorado law" relating to the issues raised). The Court sees no need to trouble the Colorado Supreme Court under these facts and circumstances.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED THAT**:

(1) "Plaintiff's Motion for Certification of Questions of Law to the Colorado Supreme Court" (Doc. No. 59) is **DENIED**.

DATED: November 14, 2022.

BY THE COURT:

Maritza Dominguez Braswell
United States Magistrate Judge