IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 21–cv–01736–MDB

JOSE LOVIANO FRANCO,

    Plaintiff,

v.

DAVID MCLEISH,

    Defendant.

---

## MEMORANDUM AND ORDER

---

This matter is before the Court on Defendant's "Motion for Summary Judgement [sic] Re Damages Extinguished by Workers' Compensation Settlements." (["Motion for Summary Judgment"], Doc. No. 32.) Plaintiff has responded in opposition to the Motion for Summary Judgment, Defendant has replied, and Plaintiff has sur-replied. (["Response"], Doc. No. 43; ["Reply"], Doc. No. 46; ["Surreply"], Doc. No. 52.) The parties have consented to proceed before a United States magistrate judge for all purposes, including the entry of a final judgment under 28 U.S.C. § 636(c). (Doc. No. 13; *see* Doc. No. 15.) After considering the pleadings, the evidence submitted, and the applicable law, the Motion for Summary Judgment is **DENIED**.

### STATEMENT OF THE CASE

This case arises out of a 2019 motor vehicle collision between an eighteen-wheeler truck driven by Plaintiff and a pickup truck driven by Defendant. (Doc. No. 3 at ¶¶ 6-24.) At the time

of the collision, Plaintiff was acting in the course and scope of his employment with nonparty JB Hunt Transport, Inc. (Doc. No. 32 at 2 ¶ 2; Doc. No. 43 at 3.) Plaintiff claims to have sustained serious injuries from the collision. (Doc. No. 32 at 2 ¶ 1; Doc. No. 43 at 3.) He later obtained workers' compensation benefits through his employer, by way of its workers' compensation carrier, Indemnity Insurance Company of America ["Indemnity"].[1] (Doc. No. 32 at 2 ¶ 3; Doc. No. 43 at 3.)

In exchange for receiving workers' compensation benefits, on July 14, 2021, Plaintiff entered into a Workers' Compensation Claim(s) Settlement Agreement with Indemnity [hereinafter, "the WC Settlement Agreement"]. (Doc. No. 32 at 3 ¶ 6; Doc. No. 43 at 3.) The WC Settlement Agreement undisputedly includes the following terms:

- Because they wish to avoid the expense and uncertainty of litigation, the parties wish to FOREVER settle this matter and therefore state and agree as follows[.] (Doc. No. 32 at 3 ¶ 7(a); Doc. No. 43 at 3.)

- In full and final settlement of all benefits, compensation, penalties and interest to which Claimant is or might be entitled as a result of these alleged injuries or occupational diseases, Respondents agree to pay and Claimant agrees to accept the following: ONE HUNDRED SEVENTY FIVE-THOUSAND DOLLARS and 00/100 ($175,000), in addition to all benefits that have been previously paid to or on behalf of the Claimant. (Doc. No. 32 at 3 ¶ 7(c); Doc. No. 43 at 3.)

Defendant alleges that the WC Settlement Agreement contains additional terms that are materially relevant to the resolution of the Motion for Summary Judgment, including the following:

- Settle all claims 'arising out of and in the course of employment with the employer on or about March 1, 2019 including, but not limited to labral tear left hip, lumbosacral strain/sprain, cervical strain, resolved, left rib contusions. Other

---

[1] Defendant claims that Indemnity paid "all of Plaintiff's medical bills" between the date of the accident and July 14, 2021. (Doc. No. 32 at 2 ¶ 4.) However, Defendant provides no evidentiary support for this assertion, which Plaintiff disputes. (Doc. No. 43 at 3-4.)

2

> disabilities, impairments and conditions that may be the result of these injuries or diseases but that are not listed here are, nevertheless, intended by all parties to be included in and resolved FOREVER by this settlement.' (Doc. No. 32 at 3 ¶ 7(b).)

- "As consideration for the amount paid under the terms of this settlement, Claimant rejects, waives, and forever gives up the right to claim all compensation and benefits to which Claimant might be entitled for each injury or occupational disease claimed . . . including . . . [t]emporary total and temporary partial disability benefits to compensate the Claimant for time missed from work[;] . . . [p]ermanent total disability benefits payable to the Claimant for life if the Claimant is totally incapable of earning any wages[;] . . . [p]ermanent impairment (also known as vocational impairment, medical impairment or permanent partial disability) benefits, payable up to a statutorily defined maximum[;] . . . [b]enefits for disfigurement, scarring, discoloration and/or a limp up to statutorily defined maximum[;] . . . [and] [m]edical, surgical hospital, and all other health care benefits, including chiropractic care and mileage reimbursement incurred after the date of the approval of this settlement agreement[.]" (*Id.* at 3-4 ¶ 7(d) (alterations omitted).)

- "Claimant realizes that there may be unknown injuries, conditions, diseases or disabilities as a consequence of these alleged injuries or occupational diseases, including the possibility of a worsening of the conditions." (*Id.* at 4 ¶ 7(e).)

Plaintiff, in his Response, argues that these additional provisions are either "factually misleading," taken "out of context," and/or "misstated and misinterpreted." (Doc. No. 43 at 6.)

Meanwhile, two years after the collision, on June 1, 2021, Plaintiff commenced this personal injury lawsuit against Defendant, in Colorado state court, asserting claims for negligence and negligence per se. (Doc. No. 3 at ¶¶ 51-63.) As relief, Plaintiff requests unspecified economic and noneconomic damages, "including, but not limited to, past and future physical pain and suffering, inconvenience, loss of enjoyment of life, mental anguish, medical bills, hospital bills, health care provider bills, wage loss and lost earning capacity, loss of chosen profession, life care expenses, and impairment and disfigurement[.]" (*Id.* at ¶ 57.) Following the case's removal to federal court, on September 9, 2021, Indemnity filed a complaint in intervention against Defendant. (Doc. No. 17.) Indemnity and Defendant subsequently reached a

3

settlement of "all claims between them," and on April 12, 2022, Indemnity was dismissed as a party to this lawsuit. (Doc. No. 29; *see* Doc. No. 30.) There is no evidence in the record regarding the terms of the settlement agreement between Indemnity and Defendant. (Doc. No. 43 at 6; Doc. No. 46 at 2.)

Defendant now moves for partial summary judgment on Plaintiff's claim for damages. (Doc. No. 32.) In the Motion for Summary Judgment, Defendant argues, specifically, that pursuant to certain mandatory provisions of the Colorado Workers Compensation Act, Colo. Rev. Stat. §§ 8-41-101 *et seq.*, the "bulk of Plaintiff's claimed damages were extinguished by virtue of Defendant's settlement [w]ith Indemnity," including those for future lost wages, permanent impairments, disfigurement damages, past medical expenses, and future medical expenses. (*Id.* at 4.) Plaintiff, in his Response, argues that the Motion for Summary Judgment should be denied for two reasons: (1) "there is no proof of any settlement agreement between Indemnity and Defendant[;]" and (2) Indemnity "never had" rights to certain of Plaintiff's claimed damages, "including but not limited to his future medical damages, full claim for past and future lost wages, full value of his permanent impairment, [and] full value of his disability damages," and therefore, "Indemnity does not have the ability to assign these rights to Defendant." (Doc. No. 43 at 13.)

## STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex*, 477

4

U.S. at 325. "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works, Inc. v. City & Cnty. of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994) (citing *Celotex*, 477 U.S. at 325). The nonmoving party may not rest solely on the allegations in the pleadings, but instead, must designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see also* Fed. R. Civ. P. 56(c).

"A 'judge's function' at summary judgment is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Tolan v. Cotton*, 572 U.S. 650, 656 (2014) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986)). Whether there is a genuine dispute as to a material fact depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury," or conversely, whether the evidence "is so one-sided that one party must prevail as a matter of law." *Carey v. U.S. Postal Serv.*, 812 F.2d 621, 623 (quoting *Anderson*, 477 U.S. at 251-52). A disputed fact is "material" if "under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir.1998) (citing *Anderson*, 477 U.S. at 248). A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Thomas v. Metro. Life Ins. Co.*, 631 F.3d 1153, 1160 (10th Cir. 2011) (citing *Anderson*, 477 U.S. at 248). "Where the record taken as a whole could not lead a rational trier of fact to find for the [nonmovant], there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

In evaluating a motion for summary judgment, a court may consider admissible evidence only. *Johnson v. Weld Cnty.*, 594 F.3d 1202, 1209–10 (10th Cir. 2010). The factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment. *Concrete Works*, 36 F.3d at 1517. However, this standard does not require the Court to make unreasonable inferences in favor of the nonmoving party. *Carney v. City & Cnty. of Denver*, 534 F.3d 1269, 1276 (10th Cir. 2008). The nonmoving party must establish, at a minimum, an inference of the presence of each element essential to the case. *Hulsey v. Kmart, Inc.*, 43 F.3d 555, 557 (10th Cir. 1994).

## ANALYSIS

Defendant argues that he is entitled to summary judgment on the "bulk" of Plaintiff's claimed damages, because Plaintiff assigned and subrogated his rights to those claimed damages to Indemnity under the terms of the WC Settlement Agreement, and because Indemnity subsequently settled its subrogated claim with Defendant. (Doc. No. 32 at 8-9.) Relying heavily on a pair of decisions recently issued by the Colorado Supreme Court, *Delta Airlines, Inc. v. Scholle*, 484 P.3d 695 (Colo. 2021), and *Gill v. Waltz*, 484 P.3d 691 (Colo. 2021), Defendant argues that "Plaintiff's claim for damages compensated under [the WC Settlement Agreement] w[as] extinguished by Defendant's settlement with Indemnity." (*Id.* at 8.) According to Defendant, *Scholle*, in particular, "indicates that after resolution of a subrogation claim, an injured employee may only pursue damages not covered by the workers' compensation insurer." (*Id.* (emphasis in original).)

As discussed above, the Court may grant a motion for summary judgment only if the moving party shows both that there is no genuine dispute as to any material fact and that he is

entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "Under Rule 56(c), the moving party bears the initial burden of presenting evidence to show the absence of a genuine issue of material fact." *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002) (citing *Hom v. Squire*, 81 F.3d 969, 973 (10th Cir. 1996)). To support assertions of fact, the moving party must cite "to particular parts of materials in the record," including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials. Fed. R. Civ. P. 56(a)(c)(1)(A). "The moving party may carry [his] initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry [his] burden of persuasion at trial." *Trainor*, 318 F.3d at 979 (citing *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1103-04 (9th Cir. 2000)). "If a moving party fails to carry [his] initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial." *Id.* (citing *Nissan*, 210 F.3d at 1102-03) (remaining citations omitted).

 Here, the Court cannot grant summary judgment for two reasons. First, as Defendant himself admits, "after resolution of a subrogation claim, an injured employee may only pursue damages <u>not</u> covered by the workers' compensation insurer." (Doc. No. 32 at 8 (citing *Scholle*, 484 P.3d at 701) (emphasis in original).) And here, there appears to be a genuine dispute of material fact with respect to what was and was not covered by the WC Settlement Agreement. (*Compare* Doc. No. 32 at 3-4 ¶ 7, *with* Doc. No. 43 at 3-6.) Second, the record is devoid of *any evidence* regarding the terms of settlement between Defendant and Indemnity. (Doc. No. 46 at 2-3.) Defendant argues that the specific terms of that agreement do not matter because "[t]he only

material fact is that Indemnity settled its claims against Defendant and thereby extinguished all of Plaintiff's co-extensive claimed damages." (*Id.*) The Court disagrees. Defendant has argued that Plaintiff was compensated for certain damages, then subrogated his rights in connection with those damages, and that those rights were eventually extinguished by the settlement between Defendant and Indemnity. (Doc. No. 32 at 4, 8-9.) But without reviewing the terms of that settlement, the Court cannot determine whether Plaintiff's claimed damages are co-extensive with the rights and claims allegedly extinguished by that settlement. In other words, Defendant—who claims the "bulk" of Plaintiff's rights have been extinguished but has not produced the very agreement that allegedly extinguished those rights—has not carried his summary judgment burden. *See Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004) ("Unsubstantiated allegations carry no probative weight in summary judgment proceedings."); *see also Mayfield v. Harvey Cnty. Sheriff's Dep't*, 732 F. App'x 685, 689 (10th Cir. 2018) (affirming the denial of summary judgment where the movant cited no evidence supporting their factual assertions); *Ross v. Professional Bur. of Collections of Md., Inc.*, No. 16-cv-01550-KLM, 2018 WL 3633576, at *6 (D. Colo. July 30 2018) (denying defendants' motion for summary judgment, where defendants failed to direct the court's attention to any evidence precluding the existence of a genuine issue of material fact relating to the claim at issue).

On this record, then, Defendant is not entitled to summary judgment. *Trainor*, 318 F.3d at 979; *see also Celotex*, 477 U.S. at 325. Accordingly, Defendant's Motion for Summary Judgment is **DENIED**.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED THAT**:

(1) The "Motion for Summary Judgement [sic] Re Damages Extinguished by Workers' Compensation Settlements" (Doc. No. 32) is **DENIED**.

DATED: March 31, 2023.

BY THE COURT:

Maritza Dominguez Braswell
United States Magistrate Judge